Ryan Denham, Campaign Director Arkansans for Compassionate Care Post Office Box 692 Fayetteville, Arkansas 72702
Dear Mr. Denham:
This is in response to your request for certification pursuant to A.C.A. § 7-9-107 (Repl. 2007) of the popular name and ballot title for a proposed initiated act. You submitted a similar measure which was rejected by this Office due to ambiguities in the proposal's text. See Op. Att'y Gen. 2011-023. The popular name and ballot title of your current proposal are:
 Popular Name AN ACT TO ALLOW QUALIFYING PATIENTS IN ARKANSAS TO ACQUIRE AND USE MEDICAL MARIJUANA Ballot Title AN ACT MAKING THE MEDICAL USE OF MARIJUANA LEGAL UNDER ARKANSAS STATE LAW, AND ESTABLISHING A SYSTEM FOR THE CULTIVATION, ACQUISITION AND DISTRIBUTION OF MARIJUANA FOR QUALIFYING PATIENTS THROUGH NONPROFIT MEDICAL MARIJUANA DISPENSARIES AND GRANTING THOSE NONPROFIT DISPENSARIES LIMITED IMMUNITY; ALLOWING LOCALITIES TO LIMIT THE NUMBER OF NONPROFIT DISPENSARIES AND TO ENACT REASONABLE ZONING REGULATIONS GOVERNING THEIR OPERATIONS; *Page 2 
PROVIDING THAT QUALIFYING PATIENTS THEIR DESIGNATED CAREGIVERS AND NONPROFIT DISPENSARY AGENTS SHALL NOT BE SUBJECT TO CRIMINAL OR CIVIL PENALTIES OR OTHER FORMS OF DISCRIMINATION FOR ENGAGING IN OR ASSISTING WITH THE PATIENTS' MEDICAL USE OF MARIJUANA; AUTHORIZING LIMITED CULTIVATION OF MARIJUANA BY QUALIFYING PATIENTS OR DESIGNATED CAREGIVERS IF A QUALIFYING PATIENT LIVES MORE THAN FIVE MILES FROM THE NEAREST NONPROFIT DISPENSARY; AUTHORIZING COMPENSATION FOR DESIGNATED CAREGIVERS; DIRECTING THE DEPARTMENT OF HEALTH TO ESTABLISH RULES RELATED TO THE PROCESSING OF APPLICATIONS FOR REGISTRY IDENTIFICATION CARDS, THE OPERATIONS OF NONPROFIT DISPENSARIES, AND THE ADDITION OF DEBILITATING MEDICAL CONDITIONS; SETTING MAXIMUM REGISTRATION FEES FOR NONPROFIT DISPENSARIES; ESTABLISHING QUALIFICATIONS FOR REGISTRY IDENTIFICATION CARDS; ESTABLISHING STANDARDS TO ENSURE THAT QUALIFYING PATIENT AND DESIGNATED CAREGIVER REGISTRATION INFORMATION IS TREATED AS CONFIDENTIAL; DIRECTING THE DEPARTMENT OF HEALTH TO PROVIDE THE LEGISLATURE ANNUAL QUANTITATIVE REPORTS ABOUT THE MEDICAL MARIJUANA PROGRAM; SETTING CERTAIN LIMITATIONS ON THE USE OF MEDICAL MARIJUANA BY QUALIFYING PATIENTS; ESTABLISHING AN AFFIRMATIVE DEFENSE FOR THE MEDICAL USE OF MARIJUANA; ESTABLISHING REGISTRATION AND OPERATION REQUIREMENTS FOR NONPROFIT DISPENSARIES; SETTING LIMITS ON THE AMOUNT OF MARIJUANA A NONPROFIT DISPENSARY MAY CULTIVATE AND THE AMOUNT OF MARIJUANA A NONPROFIT DISPENSARY MAY DISPENSE TO A QUALIFYING PATIENT; PROHIBITING CERTAIN CONDUCT BY PHYSICIANS, NONPROFIT DISPENSARIES, NONPROFIT DISPENSARY *Page 3 
AGENTS, QUALIFYING PATIENTS, AND DESIGNATED CAREGIVERS
The Attorney General is required under A.C.A. § 7-9-107 to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification norrejection of a popular name and ballot title reflects my view of themerits of the proposal. This Office has been given no authority toconsider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434, 29 S.W.3d 669
(2000); Donovan v. Priest, 326 Ark. 353, 931 S.W.2d (1996); and Pluggev. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that thepopular name and ballot title honestly, intelligibly, and fairly set forththe purpose of the proposed amendment or act. See Arkansas Women'sPolitical Caucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, *Page 4 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency.Id.
"It is axiomatic that the majority of voters will derive their information about a proposed measure from the ballot title immediately before exercising the right of suffrage." Kinchen v. Wilkins, 367 Ark. 71,76, 238 S.W.3d 94 (2006). The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen,318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988); Hoban v. Hall, supra; and Walton v. McDonald,192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139
(1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law.Christian Civic Action Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605
(1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482,798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104
(1960).
Having analyzed your proposed measure, popular name, and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the *Page 5 
ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. §7-9-107(b).
I refer to the following ambiguities:
 1. Sections 103(f)(i) and 111(d) are inconsistent. The former allows Nonprofit Dispensaries to accept marijuana plants and "useable marijuana" from other Nonprofit Dispensaries. The latter prohibits Nonprofit Dispensaries from acquiring "Useable Marijuana" or mature marijuana plants except through its own cultivation. This conflict unavoidably creates ambiguity about the meaning of your proposal.
 2. Section 105(a)(vii) provides that the Department of Health will issue a Registry Identification Card only to a Qualifying Patient who, among other things, designates which Nonprofit Dispensary or Designated Caregiver "will be allowed . . . to cultivate marijuana for the Qualifying Patient's Medical Use." Section 103(a)(2) essentially allows a Qualifying Patient to grow her own marijuana if, among other things, she has not specified that a Designated Caregiver or Nonprofit Dispensary will grow marijuana for her. A Qualifying Patient is someone who has registered and received a card. It is ambiguous to require a designation as a condition of receiving a card and at the same time to provide protections for a class of persons (those who do not designate) who cannot, under the terms of the proposal, ever come into being.
 3. Section 105(g) purports to prohibit judges from considering an application for or possession of a Registry Identification Card as an element in determining whether to issue a search warrant. Whether an initiated act can so restrict the power of the judicial branch seems questionable, and the inclusion of provisions of doubtful validity creates ambiguity about how the proposal's effects are described.
I again note the particular hazards attendant to the preparation of a ballot title for a lengthy and complex proposal such as yours. Your proposal contains almost 8,700 words, up about 200 words from your previous submission. Your current ballot title contains 272 words in 17 clauses, an increase of two clauses and about 50 *Page 6 
words. Except for the first two clauses of the ballot title, which appear to be an attempt to describe the entire proposal in extremely broad and general terms, the ballot title appears to describe only about half of the proposal's text.
Material parts of the proposal are simply not described. I note in particular three omissions. First, the ballot title states that the act will make marijuana's medical use "legal under Arkansas state law." Your use of the word "legal"
 fails to acknowledge that your proposed measure cannot completely legalize marijuana in Arkansas for medical purposes because the drug remains illegal under federal law, 21 U.S.C. § 801 et seq. (the Controlled Substances Act). Gonzales v. Raich, 545 U.S. 1 (2005); United States v. Oakland Cannabis Buyers' Cooperative, 532 U.S. 483
(2001). The upshot of Raich is that the federal government and its agencies have the authority to enforce the federal drug laws, even in a state that has sanctioned the use of marijuana for medicinal purposes. See Note, California Takes a Hit: The Supreme Court Upholds Congressional Authority over the State-Approved Use of Medicinal Marijuana. Gonzales v. Raich, 545 U.S. 1 (2005), 28 UALR L. Rev. 545, 580 (2006) ("The Raich decision makes it clear that federal authorities can prosecute patients possessing and consuming marijuana for medicinal purposes, irrespective of a state statute authorizing the patients use.")
Op. Att'y Gen. 2009-208
While the change in your ballot title is an improvement, the ballot title remains misleading in failing to acknowledge and inform voters that marijuana will remain generally prohibited under the Controlled Substances Act even if your proposal is adopted.
Other omissions from the ballot title include, without limitation, the proposal's defined terms, in which a great deal of the proposal's substance resides; the fact that a person may have a "Debilitating Medical Condition" without actually being debilitated; and the absence of any standard governing or guiding the Department in considering a petition to expand the definition of "Debilitating Medical Condition." *Page 7 
The ballot title for any measure of such length and complexity as yours must avoid both of two dangers: that of being too lengthy and that of omitting important matter. More specifically, the title cannot be so long that it causes voters to violate the voting booth time limitations, yet it must not omit any of the proposed measure's important factors. For this reason, I again point out that with any proposed amendment of considerable length and complexity such as yours, the sponsor runs the risk of a challenge and of a finding by the court that the ballot title is unacceptable, either because it is too "complex, detailed, and lengthy," or because it has "serious omissions." See, e.g., Page v.McCuen, 318 Ark. 342, 884 S.W.2d 951 (1994); Walker v. Priest,342 Ark. 410, 29 S.W.3d 657 (2000) and Op. Att'y Gen. 2007-160, 2005-212.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See,e.g., Finn v. McCuen, 303 Ark. 418, 793 S.W.2d 34
(1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure."Roberts v. Priest, 341 Ark. 813,20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities. *Page 8 
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. § 7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN MCDANIEL Attorney General